IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GAMREX, INC., a Hawaii Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MARK SCHULTZ; JIM JACO; LISA HOUSTON; CHASE BERKLEY DEVELOPMENT, INC., a Delaware corporation; AUSTIN SARASOTA CO., LP, a Texas limited partnership; REALM GROUP, LP, a Texas limited partnership; REALM HOLDINGS, INC., a Delaware corporation; FAULKNERUSA HAWAII, INC., a Delaware corporation; FAULKNER USA, INC., a Delaware corporation; KONA VISTAS, LLC, a Delaware limited liability company; SERVICE LLOYDS INSURANCE COMPANY, a Texas insurance company; SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; and JOHN and JANE DOES 1-20,<br><br>    Defendants. | CIVIL NO. 10-00380 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Gamrex, Inc.'s

("Plaintiff") Motion to Remand ("Motion"), filed July

26, 2010.  On August 18, 2010, Defendants Safeco

Insurance Company of America ("Safeco") and Service

Lloyds Insurance Company ("Service Lloyds") filed an

Opposition.  That same day, Defendants Chase Berkley

Development, Inc. ("Chase Berkley"), Austin Sarasota

Co., LP ("Austin Sarasota"), Realm Holdings, Inc.

("Realm Holdings"), and FaulknerUSA Hawaii ("Faulkner

Hawaii") filed Joinders in the Opposition.  Defendant

Kona Vistas, LLC ("Kona Vistas") filed a Memorandum

Regarding the Motion.  On August 25, 2010, Plaintiff

filed a Reply.

        This matter came on for hearing on September 8,

2010.  Allison Mizuno Lee, Esq., and Kristin Shigemura,

Esq., appeared on behalf of Plaintiff.  Roy Ogawa,

Esq., and Mike Pipkin, Esq., appeared on behalf of

Service Lloyds and Safeco.  Alan Van Etten, Esq.,

appeared on behalf of Faulkner Hawaii.[1]  James

---

        [1]  Mr. Van Etten also represents Defendant
FaulknerUSA, Inc. ("Faulkner").

Kawachika, Esq., appeared on behalf of Chase Berkley,
Austin Sarasota, and Realm Holdings.[2]  Colin Yost, Esq.,
appeared on behalf of Kona Vistas.

After careful consideration of the Motion, the
supporting and opposing memoranda, and the arguments of
counsel, the Court HEREBY FINDS AND RECOMMENDS that
Plaintiff's Motion be GRANTED IN PART AND DENIED IN
PART for the reasons set forth below.

BACKGROUND

Prior to 2004, Plaintiff owned approximately
116 acres of real property in Kailua-Kona, Hawaii
("subject property").  Kona Vistas was formed as a
joint venture in 2004, for the purpose of developing
the subject property into residential single family and
multi-family lots and to construct infrastructure.
Opp'n, Decl. of Mr. Jaco ("Jaco Decl."), Ex. A at 1-2.
On September 30, 2004, Plaintiff, Kona Vistas, Chase
Berkley, and BIMAC Partners, LLC ("BIMAC") adopted the

---

[2]  Mr. Kawachika also represents Defendants Jim
Jaco ("Mr. Jaco"), Lisa Houston ("Ms. Houston"), Mark
Schultz ("Mr. Schultz"), and Realm Group, LP ("Realm").

3

Operating Agreement of Kona Vistas ("Operating Agreement").  As its capital contribution, Plaintiff assigned its right, title, and interest in the subject property to Kona Vistas.  At the time relevant to the dispute, Kona Vistas' managers were as follows: Shigeko Endo (for Plaintiff); Mr. Jaco (for Chase Berkley); and Ken Kobayashi (for BIMAC).  Mr. Jaco was the Chief Operating Officer ("COO") for Kona Vistas.

This action arises out of the alleged unauthorized sale and transfer by Chase Berkley and Mr. Jaco of 50 subdivided lots owned by Kona Vistas, to Austin Sarasota.  Plaintiff alleges that Chase Berkley and Mr. Jaco were required to obtain the consent of Ms. Endo, but failed to do so.  On April 21, 2010, Plaintiff filed suit in the Third Circuit Court, State of Hawaii, against Defendants.  On May 26, 2010, Plaintiff filed a First Amended Complaint ("FAC"), asserting the following claims:  1) breach of contract - Plaintiff v. Chase Berkley (Count I); 2) breach of covenant of good faith and fair dealing - Plaintiff v.

4

Chase Berkley (Count II); 3) fraud - Plaintiff and Kona
Vistas v. Chase Berkley, Mr. Schultz, Mr. Jaco and
Realm (Count III); 4) breach of fiduciary duty -
Plaintiff v. Chase Berkley, Mr. Schultz, Mr. Jaco,
Realm and Realm Holdings (Count IV); 5) breach of
fiduciary duty - Kona Vistas v. Chase Berkley, Mr.
Schultz, Mr. Jaco, Realm and Realm Holdings (Count V);
6) civil conspiracy - Plaintiff and Kona Vistas v.
Chase Berkley, Mr. Schultz, Mr. Jaco, Ms. Houston,
Austin Sarasota, Faulkner Hawaii, Faulkner, Realm and
Realm Holdings (Count VI); 7) aiding and abetting
breach of fiduciary duty - Plaintiff and Kona Vistas v.
Austin Sarasota, Ms. Houston, and any non-fiduciary
Schultz entity (Count VII); and 8) injunctive relief -
Plaintiff and Kona Vistas v. Chase Berkley, Mr.
Schultz, Mr. Jaco, Ms. Houston, Realm and Austin
Sarasota (Count VIII).  Mot., Ex. A (FAC) at ¶¶ 169-
219.  Of relevance to the instant Motion, Plaintiff
prays for 1) damages; 2) rescission of the sale of the
lots; 3) disgorgement and/or reimbursement of all sale

proceeds paid to or on behalf of Defendants or to third
parties from the alleged improper sale of the completed
lots and return of the sales proceeds to Kona Vistas;
4) accounting to Plaintiff; 5) imposition of a
constructive trust over the completed lots and funds
belonging to Kona Vistas that were improperly paid to
Faulkner Hawaii or Faulkner from the proceeds of the
sale to Austin Sarasota; and 6) preliminary and
permanent injunctive relief.  Id., Ex. A at 41-42.

On July 6, 2010, Safeco and Service Lloyds
filed their Notice of Removal ("Notice"), to which all
Defendants joined.

## DISCUSSION

Plaintiff seeks remand of this action on three
grounds:  1) removal was improper because diversity
jurisdiction is lacking; 2) the Notice was untimely
filed; and 3) the unanimous joinder requirement is not
satisfied.  Defendants counter that removal was both
substantively and procedurally proper.  Although
acknowledging that Kona Vistas shares Plaintiff's

6

citizenship, Defendants posit that Kona Vistas'
citizenship can be disregarded for the purposes of
evaluating diversity jurisdiction, insofar as Kona
Vistas is a nominal defendant and is not an
indispensable party.

Section 1441 of Title 28 of the U.S. Code
provides, in pertinent part:

> (a) Except as otherwise expressly provided
> by Act of Congress, any civil action
> brought in a State court of which the
> district courts of the United States have
> original jurisdiction, may be removed by
> the defendant or the defendants, to the
> district court of the United States for
> the district and division embracing the
> place where such action is pending. For
> purposes of removal under this chapter,
> the citizenship of defendants sued under
> fictitious names shall be disregarded.
>
> (b) Any civil action of which the district
> courts have original jurisdiction founded
> on a claim or right arising under the
> Constitution, treaties or laws of the
> United States shall be removable without
> regard to the citizenship or residence of
> the parties. Any other such action shall
> be removable only if none of the parties
> in interest properly joined and served as
> defendants is a citizen of the State in
> which such action is brought.

28 U.S.C. § 1441.  Section 1441 is strictly construed

against removal and courts resolve any doubts about the
propriety of removal in favor of remanding the case to
state court.  Durham v. Lockheed Martin Corp., 445 F.3d
1247, 1252 (9th Cir. 2006).  The party seeking to
remove the case bears the burden of establishing the
existence of federal jurisdiction.  See California ex
rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th
Cir. 2004), cert. denied, 544 U.S. 974 (2005).
Safeco and Service Lloyds removed the action, with the
consent of the other Defendants, on the basis of
diversity jurisdiction, alleging that 1) complete
diversity exists between Plaintiff and Defendants and
2) the amount in controversy exceeds $75,000.  Notice
at ¶¶ 5-6.  Although acknowledging that Kona Vistas
shares Plaintiff's citizenship (Hawaii), Defendants
proffer that Kona Vistas should be disregarded as a
party for diversity purposes inasmuch as it was
fraudulently joined and no causes of action are
asserted against it.  Id. at ¶¶ 4, 9-13.

A.   <u>Jurisdiction</u>

Federal district courts have original jurisdiction over cases between citizens of different states.  28 U.S.C. § 1332(a).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441.  A United States district court thus has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

In the present case, the citizenships/ residences[3] of the parties are as follows:  Plaintiff - Hawaii; Mr. Schultz - Texas; Mr. Jaco - Texas; Ms.

---

[3]   Defendants at times incorrectly refer to the <u>residence</u> of the individual defendants.  The parties' <u>citizenship</u>, not their residence, is the relevant inquiry.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").  For the purposes of this Motion, this failure is inconsequential, because the limited dispute regarding diversity is whether Kona Vistas' citizenship is considered in assessing diversity.

Houston - Texas; Chase Berkley - Delaware; Austin

Sarasota - Texas; Realm - Texas; Realm Holdings -

Delaware; Faulkner - Delaware;[4] Faulkner Hawaii -

Delaware and Texas; Service Lloyds - Texas; Safeco -

Washington; Kona Vistas - Hawaii, Delaware, California.

Notice at ¶¶ 3-5.

    The parties dispute the existence of diversity

jurisdiction.  Plaintiff contends that complete

diversity is lacking because Kona Vistas shares the

same citizenship as Plaintiff.  Plaintiff submits that

because Kona Vistas is a proper, necessary, and

indispensable party, it is not a nominal party, nor was

it fraudulently joined, and its citizenship must be

considered for diversity purposes.  Defendants take the

position that because Kona Vistas is a nominal party

_____

    [4]  Because Defendants failed to provide Faulkner's
citizenship in the Notice, the Court is unsure about
whether Faulkner is only a citizen of Delaware.
Likewise, the Court is unsure about whether Chase
Berkley, Austin Sarasota, Realm, and Realm Holdings are
citizens of only one state.  A corporation is a citizen
of its place of incorporation and its principal place
of business.  Johnson v. Columbia Props. Anchorage, LP,
437 F.3d 894, 899 (9th Cir. 2006).

that is not indispensable, its citizenship may be disregarded.   In addition, Defendants assert that Kona Vistas was fraudulently joined.

It is well established that "an LLC is a citizen of every state of which its owners/members are citizens."   <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).[5]   However, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." <u>Strotek Corp. v. Air Transp. Ass'n of Am.</u>, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d

---

[5]   Defendants stress that the Ninth Circuit treats LLCs as partnerships for the purposes of diversity jurisdiction.  Opp'n at 23, ¶¶ 41-42, 44.  Defendants appear to insinuate that Plaintiff has incorrectly relied on <u>Johnson</u>, when in fact, both Defendants and Plaintiff rely on <u>Johnson</u> for the same proposition: that because an LLC is treated like a partnership, its citizenship is that of its members, as opposed to its place of incorporation and primary place of business. <u>Johnson</u>, 437 F.3d at 899 ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

867, 873 (9th Cir. 2000)).  Whether or not a party is a

nominal defendant depends on the facts in each case.

Tri-Cities Newspapers, Inc. v. Tri-Cities Printing

Pressmen and Assistants' Local 349, Int'l Printing

Pressmen and Assistants' Union of North Am., 427 F.2d

325, 327 (5th Cir. 1970).

In view of this standard, the Court must

evaluate Kona Vistas' status in this case.  The Court

will first address Plaintiff's argument that because it

has alleged derivative claims on behalf of Kona Vistas,

Kona Vistas is an indispensable party, whose

citizenship must be considered for the purpose of

diversity jurisdiction.  If the answer is affirmative,

the Court must necessarily find that Kona Vistas is not

a nominal party.  The fact that Kona Vistas shares the

same citizenship as Plaintiff would then destroy

complete diversity between the parties.[6]

_____

   [6]  Defendants assert that Plaintiff's admission
that Kona Vistas is a "nominal defendant" ends the
inquiry.  Plaintiff explains that it used the term in
reference to the Kona Vista's alignment, not in the
context of whether Kona Vistas is a real party in

1.   Derivative Claims

        Plaintiff submits that it has raised derivative

claims for fraud, breach of fiduciary duty, civil

conspiracy, aiding and abetting breach of fiduciary

duty, and injunctive relief on Kona Vista's behalf.   In

a derivative action, the corporation is an

indispensable party, Koster v. (Am.) Lumbermens Mut.

Cas. Co., 330 U.S. 518, 523 n.2 (1947), as the claims

presented by the plaintiff are that of the corporation.

_____

interest.   Indeed, Roy Vitousek, counsel for Plaintiff,
stated that "**[w]hen derivative claims are pled**, the
corporation, here Kona Vistas, LLC, is a nominal
defendant."   Opp'n, Decl. of Mr. Kawachika, Ex. A at 2
(emphasis added).   He then went on to state that Kona
Vistas "should attempt to reach an agreement as to an
attorney to represent Kona Vistas, LLC, in a manner
commensurate with Kona Vistas, LLC's status as a
nominal defendant."   Id.   Defense counsel fails to
acknowledge and/or recognize that the latter reference
to a nominal defendant was clearly raised in the
context of derivative actions, wherein the corporation
is often named nominally, and/or assumes the role of a
nominal defendant, even if it is the real party in
interest.   "When used in a shareholder derivative suit,
the term 'nominal defendant' refers to a corporation's
alignment opposite the plaintiff."   Knop v. Mackall,
640 F. Supp. 2d 58, 63 n.7 (D.D.C. 2009) (citing Smith
v. Sperling, 354 U.S. 91, 95 (1957)).   Thus,
Defendants' contention is without merit.

13

Ross v. Bernhard, 396 U.S. 531, 539 (1970).  Thus,

"[t]he corporation is a necessary party to the action;

without it the case cannot proceed."  Id.; Meyer v.

Fleming, 327 U.S. 161, 167 (1946).  The corporation is

the real party in interest, although named a defendant.

Ross, 396 U.S. at 539.  Because any judgment against

the real defendant runs in its favor, the corporation

is only nominally a defendant.  Meyer, 327 U.S. at 167;

Ross, 396 U.S. at 539 ("The proceeds of the action

belong to the corporation and it is bound by the result

of the suit.").

     To determine whether an action is direct or

derivative, the court looks to the law of the state of

incorporation.  Lapidus v. Hecht, 232 F.3d 679, 682

(9th Cir. 2000).  Because Kona Vistas was organized

pursuant to the Delaware Limited Liability Company Act,

this Court looks to Delaware law.  Opp'n, Jaco Decl.,

Ex. A.  According to the Delaware Supreme Court, the

inquiry turns on "(1) who suffered the alleged harm

(the corporation or the suing stockholders,

14

individually); and (2) who would receive the benefit of any recovery or other remedy." <u>Tooley v. Donaldson, Lufkin & Jenrette, Inc.</u>, 845 A.2d 1031, 1033 (Del. 2004).  "The distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing." <u>Litman v. Prudential-Bache Props., Inc.</u>, 611 A.2d 12, 15 (Del. Ch. 1992) (quoting <u>Kramer v. W. Pac. Indus., Inc.</u>, 546 A.2d 348, 351 (Del. 1988)) (quotations omitted).  A derivative suit is brought by a shareholder on behalf of the corporation and seeks redress for harm done to the corporation.[7] <u>Id.</u> (citing <u>Kramer</u>, 546 A.2d at 351). By contrast, a direct action is for

injuries done to [the shareholder] in his

---

[7]  "The derivative suit is a corporate concept grafted onto the limited liability company form." <u>Elf Atochem N. Am., Inc. v. Jaffari</u>, 727 A.2d 286, 293-94 (Del. 1999); Del. Code tit. 6, § 18-1001 ("A member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed.").

15

individual capacity if he has "an injury
which is separate and distinct from that
suffered by other shareholders, or a wrong
involving a contractual right of a
shareholder, such as the right to vote, or
to assert majority control, which exists
independently of any right of the
corporation."

Id. (quoting Moran v. Household Int'l, Inc., 490 A.2d

1059, 1070 (Del. Ch. 1985) (citations omitted)).   To

bring an individual action, a shareholder must be

"injured *directly* or *independently* of the corporation."

Id. (quoting Kramer, 546 A.2d at 351).   In evaluating

whether a claim is derivative or direct, courts "must

look to the nature of the wrongs alleged in the body of

plaintiffs' complaint, not plaintiffs' characterization

or stated intention."   Id. (citation omitted).

Applying the foregoing standard to this case,

and looking at the nature of the wrongs alleged in the

FAC, the Court finds that Plaintiff's fraud, breach of

fiduciary duty, civil conspiracy, aiding and abetting

breach of fiduciary duty, and injunctive relief claims

are derivative.   See, e.g., Polak v. Kobayashi, Civ.

No. 05-330-SLR, 2008 WL 4905519, at *8 (D. Del. Nov.

13, 2008) (holding that the plaintiff's claims for breach of fiduciary duty, declaratory judgment, and unjust enrichment are, at least in part, derivative claims on behalf of an LLC).

      a.  <u>Fraud</u>

Plaintiff's fraud claim[8] alleges that 1) Chase Berkley, Mr. Schultz, Mr. Jaco, and Realm intentionally made material, false statements, and intentionally omitted and failed to provide relevant and material facts to Plaintiff and Ms. Endo regarding the relationship of Austin Sarasota to Mr. Schultz and Realm Holdings, with the intention that Plaintiff and Ms. Endo would rely on the false statements; 2) Chase Berkley, Mr. Schultz, Mr. Jaco, and Realm intentionally deceived and/or concealed Austin Sarasota's relationship to Chase Berkley, Mr. Schultz, Mr. Jaco,

---

      [8]  Defendants accuse Plaintiff of failing to allege fraud with specificity.  However, the sufficiency and/or the merits of the FAC are not before the Court in this Motion.  The Court need only look at the nature of the wrongs alleged in the FAC, not assess whether they adequately state a claim for relief.

Realm, Realm Holdings, Faulkner Hawaii, and Faulkner, from Plaintiff and Ms. Endo, and made affirmative statements suggesting that the relationship was attenuated; and 3) Plaintiff and Ms. Endo relied on the false statements and deception to their detriment. Mot., Ex. A (FAC) at ¶¶ 181-84.  In addition to seeking damages (including punitives) on its behalf and Kona Vistas' behalf, Plaintiff claims that it and Kona Vistas are entitled to rescission of the sale of the lots to Austin Sarasota and "disgorgement and/or reimbursement of all moneys paid out of escrow or for the costs associated with the unauthorized sale to Austin Sarasota."  Id., Ex. A at ¶¶ 185-87.

Based on these allegations, both Plaintiff and Kona Vistas suffered harm.  Significantly, Kona Vistas would receive the benefit of any recovery or other remedy.  Rescission of the sale of the lots would result in the return of the lots to Kona Vistas.  Kona Vistas having right, title and interest in the property, and having had right, title, and interest in

18

the completed lots, would benefit in the first

instance, not Plaintiff.  Disgorgement and/or

reimbursement of the monies paid out of escrow or for

costs associated with the sale would similarly benefit

Kona Vistas.  What is more, Plaintiff has prayed for

the imposition of a constructive trust over the

completed lots and the funds belonging to Kona Vistas

that were improperly paid to Faulkner Hawaii or

Faulkner from the proceeds of the sale of the completed

lots.  <u>Id.</u>, Ex. A at 41, ¶ E.  Such relief would and is

meant to benefit Kona Vistas.  Thus, the fraud claim is

derivative.

    b.  <u>Breach of Fiduciary Duty</u>

On behalf of Kona Vistas, Plaintiff alleges

that Chase Berkley, Mr. Schultz, Mr. Jaco, Realm, and

Realm Holdings owed Kona Vistas fiduciary duties,[9]

---

[9]  Defendants argue that pursuant to Section 11.1
of the Operating Agreement, Plaintiff cannot raise this
claim.  Section 11.1 provides that "No Member, Manager
or officer shall be liable to the Company, to any of
the other Members or to the creditors of the Company,
for the debts of the Company or any of its losses."
Opp'n, Jaco Decl., Ex. A at 8.  Again, the sufficiency

including good faith, care, and loyalty, with respect to Kona Vistas' management.  Id., Ex. A at ¶ 197. According to Plaintiff, this fiduciary duty was breached when said individuals/entities failed to 1) properly and fully disclose the relationship between Austin Sarasota and Chase Berkley, Mr. Schultz, Realm, Realm Holdings, Faulkner Hawaii, and Faulkner, and provide all material facts related to the transaction; 2) obtain necessary manager consents and/or approval of the transaction, which involved transferring title of the completed lots from Kona Vistas to Austin Sarasota; and 3) obtain the required consents and/or approvals to disburse Kona Vistas' funds to Faulkner and Faulkner Hawaii.  Id., Ex. A at ¶ 199.

As with the fraud claim, damages (including punitives) are sought, and Plaintiff proffers that Kona Vistas is entitled to rescission.  Id., Ex. A at ¶ 200-

---

of the claims are not relevant to the issue of remand. In any event, based on the limited record before the Court, whether or not Section 11.1 precludes Plaintiff from raising this claim is far from certain.

02.  For the reasons stated above, Kona Vistas has suffered the harm, and would receive the benefit of the relief sought.  The Court therefore finds that the breach of fiduciary duty claim is derivative.

      c.  <u>Civil Conspiracy</u>

      The civil conspiracy claim alleges that Plaintiff and Kona Vistas have suffered damages because various Defendants knowingly participated in, conspired, approved, cooperated, and agreed to engage in the acts, scheme, conspiracy, and common plan of the acts described in the FAC, which constituted unlawful acts, and that such conduct was overt and in furtherance of the agreement/scheme/common plan.  <u>Id.</u>, Ex. A at ¶¶ 204-07.  Inasmuch as Kona Vistas suffered the harm, i.e., its real property was sold, and any damages recovered would inure to its benefit, this claim is derivative.

      d.  <u>Aiding and Abetting Breach of Fiduciary Duty</u>

      Plaintiff raises this claim on its behalf and on Kona Vistas' behalf, charging that Chase Berkley,

Mr. Schultz, Mr. Jaco, Realm, and Realm Holdings, as the individuals/entities exercising control over Kona Vistas, owed both Plaintiff and Kona Vistas fiduciary duties.  Id., Ex. A at ¶ 209.  If Chase Berkley, Austin Sarasota, Realm, Realm Holdings, Faulkner Hawaii, Faulkner, and/or United Correctional Corporation is deemed not to owe fiduciary duties to either Plaintiff or Kona Vistas, Plaintiff asserts that they knowingly participated in the breaches of fiduciary duties and aided and abetted such breaches.  Id., Ex. A at ¶ 210. The harm was suffered by Kona Vistas (and Plaintiff) and recovery would benefit Kona Vistas (as well as Plaintiff).  Consequently, this claim, like the others, is a derivative claim.  Polak, 2008 WL 4905519, at *8 (holding that although claims allege harm to the plaintiff that is sufficient to support direct claims, the derivative components of the claims make them claims for which the LLC is a real party in interest).

    e.  <u>Injunctive Relief</u>

      Plaintiff requests the following injunctive

22

relief on its own behalf and/or on Kona Vistas' behalf:
1) enjoin Chase Berkley, Realm, Mr. Schultz, and Mr.
Jaco's further breaches of fiduciary duties, and to
enjoin Realm and Ms. Houston from acting on behalf of
Kona Vistas; 2) preliminary and permanent injunction
prohibiting Austin Sarasota from transferring the
completed lots to any third party; 3) preliminary and
permanent injunction prohibiting Chase Berkley from
transferring any asset of Kona Vistas without
Plaintiff's prior written consent or approval; and 4)
preliminary and permanent injunction relinquishing Mr.
Jaco, Ms. Houston, Realm, and/or Chase Berkley's
control of Kona Vistas' bank accounts.  Mot., Ex. A at
¶¶ 213, 217-19.  These are requests for relief, as
opposed to allegations of harm.  However, the Court
notes that Kona Vistas would receive the benefit of the
requested relief, if such relief were obtained.

     The aforementioned discussion demonstrates that
this action is derivative, at least with respect to the
foregoing claims.  In a derivative action, the

corporation, here Kona Vistas, is indispensable, and the real party in interest.[10]   Because Kona Vistas is an indispensable party, its citizenship must be considered for the purpose of ascertaining whether complete diversity exists between the parties.   As an LLC, Kona Vistas shares the citizenship of all of its members. Given that Plaintiff is a member of Kona Vistas, Kona Vistas shares Plaintiff's citizenship.   Diversity is therefore destroyed, the Court lacks jurisdiction, and the case must be remanded.

The Court need not conduct a separate inquiry into whether Kona Vistas is an indispensable party, given the determination that in the context of a derivative action, it is an indispensable party. Defendants argue that the Court must consider whether Kona Vistas is an indispensable party, and contend that

---

[10]   Here, Kona Vistas cannot be both a nominal defendant/party and an indispensable party.   Cf. Tri-Cities, 427 F.2d at 327 (nominal parties are neither necessary nor indispensable).   Neither can it be a nominal defendant while also a real party in interest. Colello, 139 F.3d at 676 (nominal party is not a real party in interest).

24

Kona Vistas, a non-diverse entity, is not indispensable

where, as here, controlling members are properly before

the court.  Opp'n at 23-30.  The Court disagrees.[11]  As

an example, Defendants rely on HB General Corp. v.

Manchester Partners L.P., 95 F.3d 1185 (3d Cir. 1996),

---

[11]    Neither does the Court find availing Defendants'
contention that where antagonism exists between the
management of the corporation and the shareholder
bringing suit, the suit may proceed in federal court,
despite the fact that the corporation's citizenship
might otherwise defeat diversity jurisdiction.
Defendants rely on a non-binding, non-persuasive
district court opinion from Maryland to support their
position, Beck v. CKD Praha Holding, A.S., 999 F. Supp.
652, 655 (D. Md. 1998).  Beck dealt with the proper
alignment of the parties, which requires an inquiry
into whether antagonism exists.  The proper alignment
of the parties is not a dispute currently before the
Court.  Even if it were, and Kona Vistas was realigned,
complete diversity would not exist because Kona Vistas
shares Chase Berkley's citizenship.  See, e.g.,
Skaaning v. Sorensen, CV No. 09-00364 DAE-KSC, 2009 WL
3763056 (D. Haw. Nov. 10, 2009) ("But as Defendants
point out, even if this Court were to realign IIL and
TPS with Plaintiff, then conceivably diversity is still
defeated because Defendant Sorensen's citizenship would
be imputed to them because he owns a 50% interest in
IIL and TPS.").  What is more, the proposition for
which Defendants cite Beck is at odds with the well-
established principle that in derivative actions, the
corporation is an indispensable party whose citizenship
is taken into consideration when assessing diversity
jurisdiction.

for the proposition that a partnership is not indispensable when all of the partnership's three partners are before the court and the partnership's interests are adequately represented.  However, <u>HB General</u> involved a partnership, not an LLC.  It appears that Defendants attempt to conflate the Ninth Circuit's treatment of LLCs as partnerships for the purpose of determining citizenship,[12] with the evaluation of whether partnerships are indispensable parties.  In likening LLCs to partnerships for the purpose of assessing their citizenship, the Ninth Circuit did not determine that LLCs should be treated as partnerships in the context of derivative actions.  <u>See</u> <u>Johnson</u>, 437 F.3d at 894.

Second, the issue presented to the district court was whether the partnership was an indispensable party, under Federal Rule of Civil Procedure ("FRCP")

---

[12]  This is in contrast to corporations, which are citizens of their state of incorporation and the state where their principal place of business is located. <u>Johnson</u>, 437 F.3d at 899 (citing 28 U.S.C. § 1332(c)(1)).

19, whose joinder would destroy diversity jurisdiction.
HB General, 95 F.3d at 1190.  Third, the HB General
court's determination that the partnership's interests
were adequately represented was based in part on the
fact that all three partners of the partnership were
parties to the action.  Id. at 1193.  Fourth, in
holding that the partners could sue directly, as
opposed to derivatively, the court explained that the
general partner had brought the action and had the
authority to act for the partnership, given that in
Delaware, "general partners have the power to sue
directly on behalf of the partnership on the
partnership's claims."  Id. at 1194-95.  The court
additionally cited the language of the partnership
agreement, which authorized the general partner to make
decisions and take actions to effectuate the purposes
of the partnership.  Id.  None of the foregoing
circumstances are presented in this case.  Kona Vistas
is an LLC, not a partnership, so the rule that general
partners have the power to sue directly (as opposed to

derivatively) on behalf of the partnership is inapplicable; BIMAC, Kona Vista's third member, is not a party to this action; and the Operating Agreement does not authorize Plaintiff alone to take action to effectuate the purposes of Kona Vistas.

Defendants' reliance on <u>Hooper v. Wolfe</u>, 396 F.3d 744 (6th Cir. 2005), and <u>Delta Fin. Corp. v. Paul D. Comanduras & Assocs.</u>, 973 F.2d 301 (4th Cir. 1992), is similarly misplaced for many of the reasons discussed above.  Moreover, none of these cases are binding authority, as they are out-of-circuit cases.

Even if the Court had not found that Kona Vistas is an indispensable and necessary party based on the derivative claims, the Court would nevertheless conclude that Kona Vistas is not a nominal party/defendant.

2.  <u>Kona Vistas is not a Nominal Party (Defendant)</u>

A nominal defendant is one who "'holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.'"

28

<u>S.E.C. v. Colello</u>, 139 F.3d 674, 676 (9th Cir. 1998)

(quoting <u>S.E.C. v. Cherif</u>, 933 F.2d at 414 (internal

quotations and citation omitted).  In other words, "a

nominal defendant is part of a suit only as the holder

of assets that must be recovered in order to afford

complete relief; no cause of action is asserted against

a nominal defendant."  <u>Commodity Futures Trading Comm'n</u>

<u>v. Kimberlynn Creek Ranch, Inc.</u>, 276 F.3d 187, 192

(4th Cir. 2002).  The typical nominal defendant is "'a

trustee, agent, or depositary ... [who is] joined

purely as a means of facilitating collection.'"

<u>Colello</u>, 139 F.3d at 676 (quoting <u>Cherif</u>, 933 F.2d at

414) (alteration in original); <u>Hewitt v. City of</u>

<u>Stanton</u>, 798 F.2d 1230, 1233 (9th Cir. 1986) ("A

defendant is a nominal party where his role is limited

to that of a stakeholder or depositary."); <u>Tri-Cities</u>,

427 F.2d at 327 ("The test of whether or not a named

defendant is a nominal party is if his role in the law

suit is that of a depositary or stakeholder."

(quotation omitted)).  A nominal defendant is not a

real party in interest because it has no legitimate
claim to the disputed property.  <u>Colello</u>, 139 F.3d at
676 (citing <u>Cherif</u>, 933 F.2d at 414).

Based on the record before the Court, Kona
Vistas is not a nominal defendant, as it is not merely
a stakeholder, trustee, agent, or depositary who is
joined purely as a means of facilitating collection.
<u>Id.</u> at 676; <u>Hewitt</u>, 798 F.2d at 1233.  The Court finds
<u>Skaaning v. Sorensen</u>, to be instructive and
particularly relevant to the nominal party inquiry.
2009 WL 3763056.  In <u>Skaaning</u>, the plaintiff had a 50%
interest in two of the defendant LLCs.  <u>Id.</u> at *1.  The
defendants moved to dismiss for lack of diversity
jurisdiction, insofar as the LLCs shared the same
citizenship as the plaintiff.  <u>Id.</u> at *2.  The
plaintiff attempted to characterize the LLC defendants
as nominal parties, arguing that he sought no
substantive relief against the LLCs.  <u>Id.</u> at *4.  U.S.
District Judge David Alan Ezra held that the LLC
defendants named in the action were not nominal parties

30

in view of the relief sought by the plaintiff -
dissolution of the LLCs, appointment of a receiver
pending dissolution, and preliminary and permanent
injunctive relief related to management of the LLCs[13] -
and noted that "[t]his Court has found no Ninth Circuit
or other authority, and the parties cite none, holding
that a LLC which a plaintiff seeks to put into
receivership, dissolve, and enjoin management of, is a
nominal party."  Id. at *7.

        Here, the relief sought by Plaintiff includes
rescission, disgorgement, constructive trust, and
injunctions against Chase Berkley affiliated management
(which includes injunctive relief related to the
management of Kona Vistas).  Defendants point out that
Plaintiff has not asserted substantive claims against
Kona Vistas.  However, the lack of substantive claims
against Kona Vistas does not alone compel the

---

        [13]  The plaintiff in Skaaning also asserted claims
for declaratory judgment, breach of fiduciary duty and
covenant of good faith, negligence, unfair and
deceptive trade practices, misrepresentation, and
accounting.  Id. at *1.

conclusion that Kona Vistas is a nominal defendant.
Indeed, despite the fact that the Skaaning plaintiff
noted the absence of substantive claims against the
defendant LLCs, Judge Ezra nevertheless determined that
the LLCs were not nominal parties.  The same is true
here.  It is the nature of the claims and relief sought
that necessitate a finding that Kona Vistas is not a
nominal defendant.  Accordingly, the Court must
consider Kona Vistas' citizenship in assessing
diversity.  Doing so destroys diversity.  As a result,
the Court is without jurisdiction, and recommends that
the matter be remanded to state court.

Insofar as the Court has determined that Kona
Vistas is an indispensable party and not a nominal
defendant, it is unnecessary to address Defendants'
allegation that Plaintiff fraudulently joined Kona
Vistas.  Neither is it necessary to discuss the
procedural deficiencies identified by Plaintiff.

B.   Attorneys' Fees

Plaintiff requests attorneys' fees incurred as

a result of the removal.  Defendants dispute said

request, arguing that removal was objectively

reasonable and well founded.  When a federal court

remands a case, it "may require payment of just costs

and any actual expenses, including attorney fees,

incurred as a result of the removal."  28 U.S.C.

§ 1447(c).  The United States Supreme Court has stated

that:  "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing

party lacked an objectively reasonable basis for

seeking removal.  Conversely, when an objectively

reasonable basis exists, fees should be denied."

Martin v. Franklin Capital Corp., 546 U.S. 132, 141

(2005) (citations omitted).  The district court retains

discretion to determine whether a given case presents

unusual circumstances that warrant a departure from

this rule.  Id.  The Martin Court also instructed that

> [t]he appropriate test for awarding fees
> under § 1447(c) should recognize the
> desire to deter removals sought for the
> purpose of prolonging litigation and
> imposing costs on the opposing party,
> while not undermining Congress' basic

> decision to afford defendants a right to
> remove as a general matter, when the
> statutory criteria are satisfied.

Id.  After a careful review of the record and the
applicable law, the Court finds that Plaintiff is not
entitled to an award of attorneys' fees and costs under
§ 1447(c) because Defendants had an objectively
reasonable basis for seeking removal.  The propriety of
removal turns on whether Kona Vistas' citizenship would
be considered or disregarded.  Although Defendants did
not ultimately prevail on their argument that Kona
Vistas is a nominal defendant and not indispensable,
under such theories, §§ 1441 and 1332 provided them
with a basis for removing the action.  Accordingly, the
Court finds that Plaintiff is not entitled to its
removal related expenses and recommends that the
district court deny Plaintiff's request for fees and
costs incurred in securing remand of this case.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court
HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion to

Remand, filed July 26, 2010, be GRANTED IN PART AND DENIED IN PART.  Specifically, the Court recommends that Plaintiff's request to remand the action be GRANTED and recommends that Plaintiff's request for attorneys' fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 9, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

GAMREX, INC. V. SCHULTZ, ET AL., CV 10-00380 JMS-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND